People of Puerto Rico, Plaintiff and Appellee, v. Alfonso Peña López, Defendant and Appellant.

No. 6258. Argued January 27, 1937.—Decided February 1, 1937.

*Faustino Aponte* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The information filed against the defendant-appellant reads as follows:

"The said Alfonso Peña López on March 29, 1935, in Juncos, within the Judicial District of Humacao, P. R., unlawfully and wilfully carried on his person a revolver, a weapon with which bodily injury may be caused and killed Jesús María Hernández with a bullet shot from said gun."

At the arraignment the defendant pleaded not guilty. On the day set for the trial, the parties submitted the case on the same evidence presented in the action for the murder of Jesús María Hernández brought in the same court against the defendant-appellant; and the latter requested the court not to render judgment in this case until after the jury should have returned its verdict in the murder case. After a verdict was returned against the defendant he pleaded not guilty of the offense of carrying weapons and the court sentenced him to six months in jail, without costs. It is from this judgment that the present appeal is taken, in which the appellant contends that the court erred in imposing the maximum penalty fixed by law for illegal carrying of weapons, without taking into account that the defendant had pleaded guilty.

■■ In support of his contention the appellant cites the cases of *People* v. *Laureano,* 34 P.R.R. 203 and *People* v. *Liceaga,* 36 P.R.R. 403, in which this Supreme Court established the rule as to the attitude which the trial court should adopt in cases where the defendant confesses his offense and throws himself on the mercy of the court in order that the latter may impose the punishment he deserves in accordance, with the special circumstances of each case. It would be impossible to state this rule in words clearer than those used by this court in the following paragraphs:

"When an information charges a simple offense unaccompanied by any allegation tending to show that it was aggravated the imposition of the maximum penalty is not justified if the defendant pleads guilty and no evidence is examined." *People* v. *Laureano, supra.*

"That rule is not opposed to the principle of the discretion allowed the judges in the imposition of penalties within the limits set

by the law. Such discretion exists, but it is not arbitrary. The legislators set a minimum and a maximum because they knew that the same criminal act may be committed under circumstances that might mitigate or aggravate the liability of its author. In the absence of such circumstances sane wisdom leads us to hold that a middle course would be just and proper.'' *People* v. *Liceaga, supra.*

Two circumstances must concur in order that we may apply the doctrine of the two cases cited and hold that the lower court was not justified in imposing the maximum penalty. The defendant must have pleaded guilty, rendering a trial unnecessary; and the offense charged to the defendant must be free from circumstances which tend to aggravate it. The instant case does not fall within the limits of the rule invoked by the appellant. At the arraignment the defendant pleaded not guilty. He went to trial upon this plea of not guilty and submitted the case on the same evidence that had already been presented in the murder trial, praying the court not to render judgment until the jury should have returned its verdict, in the hope that if the jury should acquit him, the circumstances tending to aggravate the offense of carrying a weapon would be eliminated by the acquittal. It was after the verdict finding him guilty of the major crime was returned that the defendant thought of the rule of *People* v. *Laureano* and decided to resort to it through a tardy plea of guilty.

The use made of a forbidden weapon should not be taken into account in determining whether or not the defendant is guilty of the offense of carrying the weapon illegally, inasmuch as a person may carry a weapon legally and with it commit a crime which would have nothing at all to do with the legality or illegality of carrying the weapon. And it could happen, as it does happen frequently, that the illegal bearer of a weapon might use the same legally for purposes of defense. The two offenses, that of carrying the weapon illegally and that which may be committed with the weapon are distinct and separate and as such must be tried. For

example, in a prosecution for a murder, the fact that the defendant was not legally authorized to carry the homicidal weapon is absolutely immaterial, since permission to carry the weapon does not authorize or extenuate the commission of a crime with such weapon. But, once the defendant has been found guilty of both offenses, that of carrying a weapon illegally and that of having used it to attack or kill, then the illegal use of the weapon for offensive purposes is a circumstance which aggravates the offense of carrying it. And in that case it cannot be said that the trial judge abused his discretion in imposing the maximum penalty, as he did in this case.

For the reasons stated the judgment appealed from is affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.